UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

                    Plaintiff,

        v.                                          Case No. 17-cv-1196-pp

DEPARTMENT OF CORRECTIONS,
SGT. JOHNSON, and
EDWARD WILLIAMS,

                    Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. Under that law, the court must screen the plaintiff's complaint to determine whether the plaintiff states claims with which he may proceed. In addition to filing a complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. This decision will screen the complaint and resolve the plaintiff's motion.

I.      Motion for Leave to Proceed without Prepayment of the Filing Fee

The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On September 5, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $1.13 by September 26, 2017. Dkt. No. 4. The plaintiff paid the fee on September 21, 2017. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v.

Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also

Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's

allegations, "however inartfully pleaded," a liberal construction. See Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106

(1976)).

A.    *The Plaintiff's Allegations*

The plaintiff alleges that, in the summer of 2016, he and defendant

Edward Williams became cellmates at Oshkosh Correctional Institution. Dkt.

No. 1 at 2. The plaintiff explains that Williams refused to let the plaintiff open

the window, even when it was eighty degrees outside. Id. According to the

plaintiff, when he tried to open the window, Williams would threaten to

physically harm him. Id. The plaintiff asserts that at least four or five times, he

informed defendant Sergeant Johnson about Williams' threats. Id. He states

that Johnson told the plaintiff that he would be moved to another cell once one

opened up. Id.

The plaintiff states that, on October 22, 2016, he opened the window in

his cell. Id. at 2. According to the plaintiff, Williams entered the cell shortly

thereafter and shut the window. Id. The plaintiff asserts that Williams

threatened him and then called him a "honkey." Id. The plaintiff states that he

called Williams a "nigger." Id. Williams told the plaintiff to get off the bunk, but

the plaintiff states that Williams punched him before he could get off. Id.

According to the plaintiff, Williams pulled him off the bunk by his leg, which

resulted in his head hitting the ground. Id. The plaintiff states that he suffered

a laceration to his head that required five stitches, and three broken ribs, which lacerated his kidneys. Id.

B.    *The Court's Analysis*

The plaintiff has named the Wisconsin Department of Corrections, Sgt. Johnson and inmate Williams as defendants.

The court will dismiss the Wisconsin Department of Corrections as a defendant. The DOC is a state agency, which means it is considered an "arm[] of the state." Kroll v. Bd. of Trustees of Univ. of Ill., 934 F.2d 904, 907 (7th Cir.1991). It, like the state of Wisconsin, enjoys immunity under the Eleventh Amendment from civil rights lawsuits filed by citizens. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-67 (1989).

The court also dismiss Williams as a defendant. To proceed under §1983, a plaintiff must allege that the defendant was acting under the color of state law—in other words, that the defendant was a state official or employee. Williams is an inmate in the custody of the state; he was not acting under the color of state law, so the plaintiff cannot sue him under §1983.

This leaves defendant Johnson. To state a failure-to-protect claim under the Eighth Amendment, the plaintiff must allege facts from which the court can conclude that the plaintiff faced a substantial risk of serious harm, and that Johnson knew of and disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Santiago v. Walls, 599 F.3d 749, 756 (7th Cir.2010). The court finds that the plaintiff has stated sufficient facts to support a failure-to-protect claim against Johnson. He alleges that Williams threatened to harm

him on several occasions, and that he relayed those threats to Johnson. Other than telling the defendant that he would move the plaintiff to another cell when one became available, it appears—based solely on the facts the plaintiff has alleged—that Johnson did not do anything to protect the plaintiff from Williams. At this early stage, the court will allow the plaintiff to proceed on a failure-to-protect claim against Johnson.

III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** the Department of Corrections and Edward Williams as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendant Sergeant Johnson.

Under the informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendant Sergeant Johnson to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $348.47 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that failure to timely file pleadings and other documents by the deadlines the court sets could result in his case being dismissed for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other

information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 26th day of October, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**