UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN WAYNE ZIBOLSKY,

        Plaintiff,

v.                                      Case No. 17-cv-1196-pp

SGT. JOHNSON,

        Defendant.

---

**DECISION AND ORDER DENYING
PLAINTIFF'S MOTION TO AMEND (DKT. NO. 9)**

---

The plaintiff filed a motion to amend his complaint. Dkt. No. 9. He asks to add Winnebago County as a defendant. The court will deny the motion.

First, the plaintiff did not comply with the procedural rules for amending a complaint. Federal Rule of Civil Procedure 15 and Civil Local Rule 15 (E.D. Wis.) require that the plaintiff file a motion, asking the court for permission to amend his complaint, and that he must attach to the motion the proposed amended complaint. An amended complaint replaces previously filed complaints, so a plaintiff cannot simply tack on claims or defendants in separate filings. He needs to include all of the parties and claims in one document.

Second, even if the plaintiff had followed the rules, the court would not have allowed him to amend his complaint, because granting a plaintiff leave to amend is inappropriate when doing so would be futile. See Allen v. Wine, 297 Fed.Appx. 524, 531 (7th Cir. 2008).

It would be futile to allow the plaintiff to amend his complaint to name Winnebago County as a defendant. The court has allowed the plaintiff to proceed on a failure-to-protect claim against a correctional officer at Oshkosh Correctional Institution. The plaintiff does not explain why he wants to add Winnebago County—his motion simply statutes that he wants to add the County, period.

Under §1983 (the statute under which the plaintiff brought his lawsuit), only individuals or entities who are personally responsible for a constitutional violation can be liable. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). In other words, a plaintiff must show that the defendant—even an organizational defendant like Winnebago County—personally caused or participated in a constitutional violation in order to proceed with a lawsuit against that person or entity. Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003). Without any allegation that Winnebago County participated in the alleged failure to protect the plaintiff, the court would not allow him to proceed on a claim against the County even if he filed one.

The court **DENIES** the plaintiff's motion for leave to amend. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 20th day of November, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Court Judge**