UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

                              Plaintiff,

        v.                                              Case No. 17-cv-1196-pp

JOSHUA JOHNSON,

                              Defendant.

## DECISION AND ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 20)

The plaintiff, who is representing himself, filed a motion asking the court to recruit a lawyer to represent him on a volunteer basis. Dkt. No. 20. The plaintiff explains that the discovery deadline is set for May, but he does not "understand the process." Id. The plaintiff also filed a letter, and contacted the court's staff, about his concern that an FBI agent is investigating him and poses a danger to his safety. See, e.g., dkt. no. 21.

In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, in this district, a plaintiff must contact at least three lawyers in an effort to hire a lawyer on his own. He must then provide the court with

the names of the lawyers he contacted as well as the dates he contacted them and copies of any letters they sent to the plaintiff in response to the contact.

After the plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

Because the plaintiff does not say whether he tried to hire a lawyer on his own, the court will deny his motion for counsel because he fails to satisfy the first Pruitt requirement. Even if the plaintiff *had* shown that he tried to hire a lawyer, however, the court still would deny the plaintiff's motion at this time, because the court believes he is capable of engaging in discovery and responding to a motion for summary judgment.

The plaintiff stated in his motion that he does not understand the process for discovery. During discovery, a plaintiff gets to ask the other party to provide him with information or documents. For example, Fed. R. Civ. P. 33 allows a plaintiff to serve interrogatories (written questions) on the other side,

to ask about information that may help the plaintiff prove his claims or defenses. Fed. R. Civ. Pro. 34 allows a plaintiff to ask the other party to turn over any reports, records, or documents that the plaintiff thinks he needs to prove his claims or defenses. (The court has included a copy of these rules with this decision.) Although the plaintiff should direct his requests to defendant Johnson, he must *mail* his requests to defendant Johnson's lawyer (Wisconsin Department of Justice, Office of the Attorney General, Attn: Ann Peacock, 17 West Main Street, PO Box 7857, Madison, Wisconsin, 53707-7857).

The parties were supposed to finish exchanging their discovery information by May 7, 2018. The plaintiff filed his motion asking for help well before this deadline. For that reason, the court will extend the deadline for completing discovery to **July 16, 2018**. The court reminds the plaintiff that he must mail his discovery requests to the defendant's attorney at least thirty days before that deadline, to allow the defendant sufficient time under the rules to respond to him by the deadline.

The court also will extend the dispositive motion deadline to **August 16, 2018**. A dispositive motion gives a plaintiff or a defendant a chance to tell the court why he believes that, even if the other side's facts are all true, the law requires the court to rule in favor of the moving party. It is unusual for plaintiffs to file dispositive motions; usually a defendant will file one and then the plaintiff will respond. When a defendant files a dispositive motion (for example, a summary judgment motion), the plaintiff must respond to each of the defendant's proposed facts, either by agreeing with the proposed fact or

explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact. He also must respond to the legal arguments in the defendant's brief. A plaintiff must support his facts with evidence. He can do that by relying on the facts and information he received during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[1]. An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct.

Based on the plaintiff's filings to date, the court believes that he is capable of serving discovery requests on the defendant (by mailing them to the defendant's attorney) and responding to the discovery requests the defendant serves on him. The court also believes that the plaintiff is able to tell the court his version of the events in response to any dispositive motion the defendant may file.

Finally, the court notes that the plaintiff is no longer incarcerated, so he can get help from legal aid resources (such as the Federal Legal Assistance Program—the plaintiff can use the enclosed form or go to www.edwba.org) and he can do his own research online at a library. The Eastern District of Wisconsin's website (www.wied.uscourts.gov) has a tab labeled "Representing

---

[1] If the plaintiff chooses to file a declaration, at the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]."  28 U.S.C. §1746(2).

Yourself" that has guides and a glossary and suggests legal resources that may be helpful to a *pro se* litigant.

The court also understands that the plaintiff believes he is in danger. His concerns for his safety are not related to this case, however, so even if the court were to recruit a lawyer to represent the plaintiff (which it will not at this time), the lawyer would not be able to help the plaintiff with those issues. As court staff already has advised the plaintiff on the telephone, he should contact law enforcement if he believes he is in danger.

The court **DENIES without prejudice** the plaintiff's motion for appointment of counsel. Dkt. No. 20.

The court **ORDERS** that the discovery deadline is **EXTENDED** to **July 16, 2018**, and the dispositive motions deadline is **EXTENDED** to **August 16, 2018**.

Dated in Milwaukee, Wisconsin, this 21st day of May, 2018.

**BY THE COURT**

**HON. PAMELA PEPPER**
**United States District Judge**

**Rule 33. Interrogatories to Parties**

(a) In General.

(1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

(b) Answers and Objections.

(1) Responding Party. The interrogatories must be answered:

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

(c) Use. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.

(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

\*\*\*\*\*

## Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) Procedure.

(1) Contents of the Request. The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) Responses and Objections.

(A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) Objections. An objection to part of a request must specify the part and permit inspection of the rest.

(D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

(c) Nonparties. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.