UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

     Plaintiff,

v.              Case No. 17-cv-1196-pp

JOSHUA JOHNSON,

     Defendant.

**DECISION REQUIRING CLARIFICATION FROM PLAINTIFF ON DKT. NO. 25**

  The deadline for completing discovery is currently July 16, 2018. Dkt. No. 22 at 3. About a month before that deadline, the court received from the plaintiff a document that he entitled, "Discovery." Dkt. No. 25.

  The document says:

  Depositions and Discovery Rule 36 subdivision (a). Your Honor, just this last month of June 2018, was discovery and I have two legal citations of genuine issue. However, I've been incarcerated since 5-2-18, therefore, I don't have the legal citations of law related to the facts of this case Id." Note: <u>McSparran v. Hanigan</u>, 225 F. Supp. 628 (E.D. Pa. 1963). Plaintiff requests for admissions involving the application of fact best resolved after much or all of the discovery has been completed <u>id.</u>."

The plaintiff's signature follows this paragraph.

  The case that the plaintiff mentions—<u>McSparran v. Hanigan</u>—is a fifty-five-year-old decision by a district court in Pennsylvania. It involves a lawsuit against a general contractor and other people for damages resulting from the death of a subcontractor's employee who had been killed on the job. It is not clear what that case has to do with the plaintiff's lawsuit before this court,

1

which involves the plaintiff's claim that defendant Johnson failed to protect the defendant from another inmate.

The plaintiff attached to the document one page (it appears to be the second page) of the form that *state* courts use to notify defendants of their rights relating to revocation of extended supervision. Dkt. No. 25 at 2. The form is blank, but under the typed warning that a defendant is entitled to a final revocation hearing where the administrative law judge will review the evidence, the plaintiff has written "equals none" under the words "based on the evidence presented." Id. The court suspects that the reason the plaintiff is in custody is because the *state* has started proceedings to revoke his extended supervision, and that the plaintiff is trying to tell this federal court that the state has no evidence to show that he violated the conditions of that supervision.

The court cannot figure out what the plaintiff is asking this court to do. The difficulty is compounded by the fact that, at the end of the document, the plaintiff states, "#PS & In short, dismiss this civil suit." Id. at 1. The day after the court received this document from the plaintiff, the *defendant* filed a one-page document, stating, "Defendant does not oppose the plaintiff's motion to dismiss this case without prejudice." Dkt. No. 26.

The defendant appears to believe that when the plaintiff said, "dismiss this civil suit," the plaintiff was asking this federal court to dismiss this federal civil lawsuit against Joshua Johnson. That is possible, and if that is what the plaintiff wants, the court will dismiss this lawsuit. It is also possible, however, that the plaintiff might have been asking this federal court to dismiss the *state*

2

revocation proceedings. If that is what he was asking for, this court cannot help him, because this court does not have the authority to dismiss state supervision revocation proceedings. It is also possible that the plaintiff was asking for something else entirely, and the court just doesn't understand what he wants. The court will give the plaintiff time to clarify whether he is asking to voluntarily dismiss *this* case—<u>Zibolsky v. Johnson</u>—without prejudice[1].

**If the plaintiff wants to continue with this case, he must inform the court in writing, in time for the court to receive his response by the end of the day on July 30, 2018**. He also should inform the court whether he needs additional time to conduct discovery—in other words, whether he needs more time to ask the defendants for information and documents relating to his claim that Johnson failed to protect him from Edward Williams. The defendants also may request additional time for discovery or to file a dispositive motion.

**If the plaintiff does *not* want to continue with this case, he does not have to take any further action.** If the court does not hear from the plaintiff by the end of the day on July 30, 2018, it will dismiss this case without prejudice.

Dated in Milwaukee, Wisconsin, this 16th day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] When a court dismisses a case "without prejudice," it means that the plaintiff may file a lawsuit raising the same claims at a later date.